# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STACEY L. C.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 20-1064-JWL** |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602, and 1614 of the Social Security Act, 42 U.S.C. §§ 1381a, and 1382c (hereinafter the Act). Finding reversible error in the Administrative Law Judge's (ALJ) failure to discuss or explain the persuasiveness of the medical opinion of the Advanced Practice Registered Nurse (APRN) and/or physician who treated Plaintiff, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings.

**I.   Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff filed an application for SSI benefits on June 26, 2017.  (R. 13, 186-90). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in failing to weigh or to discuss the opinion of the healthcare providers who treated her, Ms. Shneider, APRN, and Dr. Porter, M.D.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R.

§ 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.   Discussion**

In a ten-page Brief with three pages of argument, Plaintiff claims the ALJ "failed to weigh or even mention" the medical opinion of Ms. Schneider and Dr. Porter and that this error harmed Plaintiff. (Pl. Br. 8) (emphasis in original). The Commissioner argues, in a twenty-page response with eleven pages of argument, that substantial evidence supports the mental RFC the ALJ assessed, and that Plaintiff has not met her burden to establish greater limitations or that the ALJ's error was harmful. (Comm'r Br. 7-11). He concludes by arguing

4

> Ultimately, it is [Plaintiff's] burden to prove both that her mental RFC was more limited than the ALJ found, and that the alleged error was harmful so as to warrant reversal. 68 Fed. Reg. 51,153, 51,155 (Aug. 26, 2003) (comments to final rule) (recognizing a claimant bears the burden of proving RFC); [Shinseki v.] Sanders, 556 U.S. [396,] 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (citations omitted)).  She has not carried either burden.  Her heavy reliance on case law that has been abrogated by a series of regulatory revisions further undermines her claims (Pl. Br. at 7-9).
>
> In the end, the question before this Court [sic] is whether substantial evidence in the record supports the ALJ's RFC finding, and whether the ALJ's finding of non-disability is free from reversible legal error.  Where, as here, there is clearly more than a mere scintilla of evidence to support the ALJ's RFC finding and Plaintiff has failed to establish that remand for further proceedings would change that fact, the Court [sic] should affirm under the very deferential standard of review.

(Comm'r Br. 11).

The Commissioner argues that there is a new regulatory framework for considering medical evidence, including medical opinion evidence, which abrogated the treating physician rule and judicial precedent based upon application of that rule. Id. at 12 (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 2017 WL 168819 (SSA Jan. 18, 2017)), see also, id. at 14 (noting abrogation of the treating physician rule).  He argues that "the revised regulations ensure that all opinions start on equal footing, regardless of the relationship between the claimant and the source," and "direct the adjudicator to evaluate the persuasiveness of opinion evidence utilizing the factors outlined in the regulations." Id. at 15 (citing 20 C.F.R. § 416.920c and noting supportability and consistency are the two most important factors).

The Commissioner concludes by arguing that the ALJ noted "at the outset of his RFC analysis that he had considered the medical opinions in accordance with 20 C.F.R. § 416.920c," but that

> the ALJ did not explicitly address the Mental Capacity Assessment signed by Ms. Schneider (and containing the name and address of Dr. Porter) (Tr. 468-70). To the extent that report constituted a medical opinion under the revised definition, the ALJ should have discussed it, but remand is only warranted if the omission was harmful—and here it was not.

(Comm'r Br. 16) (citing Wall, 561 F.3d at 1069; Bernal v. Bowen, 851 F.2d 297, 302-03 (10th Cir. 1988) (the mere presence of an error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence); see also Bowen v. Yuckert, 482 U.S. 137, 157 (1987) (O'Connor, J., concurring) ("To be sure the [Commissioner] faces an administrative task of staggering proportions in applying the disability benefits provisions of the Social Security Act. Perfection in processing millions of such claims annually is impossible.")).

The Commissioner suggests that remand is unwarranted in this case because it is not categorically required whenever an ALJ fails to follow a legal requirement if the ALJ's decision as a whole is readily reviewable. Id. at 17 (citing Fischer-Ross v. Barnhart, 431 F.3d 729, 732-34 (10th Cir. 2005); Best-Willie v. Colvin, 514 F. App'x 728, 736 (10th Cir. 2013)). He argues that "[v]iewing th[e] ALJ's decision and record holistically, the omitted discussion of Ms. Schneider's opinion is harmless error" because the record does not support the "marked" and "extreme" mental limitations opined, the ALJ and Dr. Olsen, the state agency psychological consultant, "reasonably found Plaintiff

6

less limited," and "it was eminently reasonable for the ALJ to conclude based on the record as a whole that Plaintiff had a lesser degree of limitation." (Comm'r Br. 18).

The parties agree that the ALJ erred in failing to articulate how persuasive he found the medical opinion of Ms. Schneider and/or Dr. Porter as required by the Commissioner's new regulations at 20 C.F.R. § 416.920c (2018). The Commissioner's suggestion that the opinion is that of an APRN rather than that of a physician is irrelevant and appears to rely on the abrogated regulations creating a relative hierarchy of medical sources. Both Ms. Schneider and Dr. Porter are acceptable medical sources as defined in the new regulations. 20 C.F.R. § 416.902(a)(1 & 7) (2018). And, as the Commissioner argues "the revised regulations ensure that all opinions start on equal footing, regardless of the relationship between the claimant and the source." (Comm'r Br. 15).

The Commissioner suggests that the medical source statement or "Mental Capacity Assessment" at issue (R. 468-70) is not a "medical opinion" within the meaning of the new regulations, 20 C.F.R. § 416.913(a)(2)(i) (2018), but does not deny that it is, and concedes that "[t]o the extent that report constituted a medical opinion under the revised definition, the ALJ should have discussed it." (Comm'r Brief 16). Nonetheless, the court finds that the report at issue qualifies as a medical opinion within the meaning of the new regulations. The report opines that Plaintiff has "extreme" limitations in numerous mental abilities and defines "extreme" limitations to mean that Plaintiff is "not able to function in this area, independently, appropriately, effectively, and on a sustained basis." (R. 468). These are clearly statements from a medical source about "whether [Plaintiff has] one or more impairment-related limitations or restrictions in the [(mental)]

7

abilities listed in paragraph[] (a)(2)(i)(B)" of 20 C.F.R. § 416.913 and thereby qualify as medical opinions within the meaning of the regulation.  Moreover, the report is so clearly the type of a report which has qualified as a medical opinion for many years, that if the ALJ found it was not a medical opinion within the meaning of the new regulations it would create an ambiguity requiring a statement to that effect and an explanation of the reason(s) for that determination pursuant to the narrative description requirements of Soc. Sec. Ruling (SSR) 96-8p.

The Commissioner having acknowledged the ALJ erred in failing to articulate how persuasive he found this medical opinion, the only question remaining for the court to decide is whether the error was harmless.  The Commissioner argues it was, and Plaintiff argues it was not.  The Commissioner argues because "there is clearly more than a mere scintilla of evidence to support the ALJ's RFC finding and Plaintiff has failed to establish that remand for further proceedings would change that fact," this court should affirm the decision below.  (Comm'r Br. 11).  That is not the standard applicable to determine whether an error is harmless.  Rather, "[t]he federal 'harmless-error' statute, now codified at 28 U.S.C. § 2111, tells courts to review cases for errors of law 'without regard to errors' that do not affect the parties' 'substantial rights.'"  Sanders, 556 U.S. at 407 (quoting 28 U.S.C. § 2111).  Thus, the question for the court is whether the ALJ's failure to articulate how persuasive he found this medical opinion affected Plaintiff's substantial rights.[2]

---

[2] The court notes that the Commissioner's Brief misstated Sanders for the proposition that an error is harmless if it does "not affect the parties' substantive rights."  (Comm'r

The Tenth Circuit applies harmless error analysis to Social Security disability cases. E.g., Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). In Allen, the issue was whether an occupation consisting of 100 jobs constituted work existing in significant numbers within the state. The Commissioner argued that it did, but the ALJ had not made that finding and the Commissioner argued the error was harmless. Id. 357 F.3d at 1144-45. The court noted this was a dispositive finding of fact, and courts should be cautious in this area because they risk violating the rule that the court should not reweigh the evidence or usurp "the administrative tribunal's responsibility to find the facts," and they risk "violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) and its progeny." Id. 357 F.3d at 1145. The court found that applying harmless error analysis to such a dispositive finding of fact should be done only

> in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Id. 357 F.3d at 1145.

While the issue here is not a dispositive finding of fact, the court finds the cautions issued by the court in Allen instructive here. The Commissioner suggests that the ALJ reviewed Ms. Schneider's treatment records and "reasonably found Plaintiff less limited

---

Br. 7). However, what is protected by the harmless error statute is rights that are substantial, potentially affecting the outcome of a case; not just rights that are constitutional, statutory, or common law rights. See RIGHT, Black's Law Dictionary (11th ed. 2019) (substantial right, substantive right).

than Ms. Schneider opined." (Comm'r Br. 18). However, this suggestion rests on the assumption that the ALJ considered the opinion and found it excessively limited, but the ALJ never stated he considered that opinion. Moreover, the regulations require that he consider every medical opinion and articulate how persuasive he finds it. If he had considered the opinion, it is likely he would have continued to his duty to articulate his consideration. Thus, if the court were to accept this rationale, it would be violating the prohibition of post-hoc rationalization for the Commissioner.

The other problem with finding harmless error in this case is perhaps more important. Were the court to find harmless the ALJ's failure to articulate how persuasive he found the opinion, it would have to weigh the opinion in the first instance and determine it is unpersuasive to accord any greater mental limitation than found by the state agency psychologist, Dr. Olsen. That is precisely the responsibility of the Commissioner and his ALJs, and the court may not intrude into that responsibility. The court was of the firm conviction in reading the Commissioner's Brief that the Commissioner was urging the court to reweigh the evidence and come to a conclusion consistent with the Commissioner's view, when in many briefs it is the Commissioner who argues that the court should not merely accept a claimant's argument to weigh the evidence and reach a conclusion consistent with the claimant's view.

The court finds error as the parties agree, but it cannot find that error is harmless in these circumstances.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings.

Dated January 15, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**
